OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by vacating the award of $28,800 representing damages arising from the second cause of action, by dismissing said cause of action, and by vacating so much of the jury’s award as awarded punitive damages in the sum of $200,000 against each defendant and remanding the matter for a new trial as to the amount to be awarded as punitive damages; as so modified, judgment affirmed without costs, unless within 30 days after service upon plaintiff of a copy of the order hereon, with notice of entry, plaintiff serves and files with the Clerk of the City Court of Mount Vernon a written stipulation signed by her consenting to reduce the award for punitive damages to the sum of $75,000 as against both defendants, and to entry of a judgment amended accordingly in the total sum of $82,200; in the event that plaintiff so stipulates, then the judgment in her favor, as so reduced and amended, is affirmed without costs.
Plaintiff instituted this action to recover the sum of $7,200 for the return of a real estate broker’s commission paid to defendant Miriam Development by mistake. As a second cause of action, plaintiff sought quadruple damages for payment of said commission in violation of section 442-e (3) of the Real Property Law (acting as a broker and receiving a commission without being licensed). As a third cause of action, plaintiff sought damages for conversion as well as punitive damages and attorney’s fees.
Marjorie Thompson, a licensed real estate broker, was retained by the plaintiff assignee to sell her mother’s home. The *7 premises was in need of repair and only marketable to those entities in the business of purchasing such homes, making the necessary improvements and reselling them for a profit. Said entities included defendant Miriam Development. Ms. Thompson had discussions with a representative of Miriam Development who ultimately made an offer to purchase the premises. The offer was faxed to her under defendant Miriam Development’s letterhead. The offer noted that “Danny’s Construction Corp.” would act as purchaser and named defendant lian Cohen as attorney. Plaintiff, on behalf of her mother, accepted the offer. Marjorie Thompson then faxed to plaintiff’s attorney the exact offer which was faxed to her by defendant Miriam Development. Plaintiff’s attorney prepared a contract of sale naming “Danny’s Construction Corp.” as the purchaser, Miriam Development as the broker and Hem Cohen as attorney for the purchaser. The contract was faxed to Han Cohen at the number set forth on Miriam Development’s letterhead. The contract, returned to plaintiffs attorney with the down payment, named the purchaser as defendant, “Yezol, Inc.” Subsequent to execution of the contract, further negotiations ensued between Han Cohen and the seller, following which the purchase price was further reduced. Plaintiffs attorney instructed Han Cohen to appear at closing with a check in the sum of $7,200 payable to Miriam Development for the broker’s commission. Plaintiffs attorney testified that he believed that Marjorie Thompson was affiliated with Miriam Development and that the commission was going to Ms. Thompson. It is undisputed that lian Cohen, who appeared at the closing, was secretary of the corporate purchaser, Yezol, Inc., and was not an attorney.
Marjorie Thompson did not appear at the closing. According to plaintiffs witnesses, Cohen indicated that he would deliver the $7,200 broker’s commission check to Marjorie Thompson when he picked up the keys to the premises and, consequently, retained said check at the conclusion of the closing. It was undisputed that the check was redeposited into the account of the named purchaser, “Yezol, Inc.,” with a notation on the back indicating it was not used for the purpose intended. During the course of the trial, it was ascertained that although Miriam Development was not a licensed real estate broker at the time of the sale, it was an alter ego of “Miriam Home Sales, Inc.,” a real estate broker licensed through lian Cohen. However, a certificate of doing business had not been filed at the time of the closing. In addition, Cohen testified that the purchaser, Yezol, *8 Inc., was owned by his brother. In fact, all of the entities operated out of the same building in Brooklyn and had shared telephone and fax numbers. After learning that Marjorie Thompson did not receive the commission, plaintiffs attorney engaged in conversations with Cohen. Cohen steadfastly refused to turn over the commission, stating that Miriam Development was the actual broker and that Marjorie Thompson had not earned any commission. He denied having any knowledge of Marjorie Thompson.
Following the conclusion of the trial, the court directed a verdict in favor of plaintiff against defendants Miriam Development and Yezol, Inc., for acting as broker and receiving a commission without being licensed (Real Property Law § 442-e). The court directed that a judgment be entered in the maximum amount permissible, i.e., four times the compensation received, or $28,800, pursuant to Real Property Law § 442-e (3) (see Handy v Cohen, 195 Misc 2d 548 [2003]).
The court submitted the matter to the jury on the issues of fraud and conversion and for an assessment of punitive damages, if any. The jury found in favor of plaintiff on the issues of fraud and conversion, and awarded plaintiff the sum of $7,200 in actual damages plus $200,000 in punitive damages against each defendant on said cause of action. Ultimately, judgment was entered in favor of plaintiff in the total sum of $236,000 as against each, Miriam Development and Yezol, Inc. The action as against lian Cohen was dismissed.
The evidence at trial established that Miriam Development was the alter ego of Miriam Homes Sales, Inc., a licensed real estate broker. Although a certificate of doing business as Miriam Development was not filed with the Secretary of State until the instant action was commenced, the time of said filing does not alter the fact that a licensed broker was conducting business under the name of Miriam Development. While Miriam Homes Sales, Inc. may be subject to penalties for its actions, the finding of the court that Miriam Development accepted a commission without being licensed is not sustainable under the facts presented. The record further established that Miriam Development returned the commission to the purchaser, Yezol, Inc. Since Yezol, Inc. never held itself out as a real estate broker, and did not claim any right to a commission, the return of the $7,200 check by the broker representing the commission to the purchaser likewise does not constitute a violation of section 442-e of the Real Property Law as to Yezol, Inc. Accordingly, the *9 award of $28,800 on the second cause of action is vacated and said cause of action dismissed.
With respect to the cause of action for fraud and conversion, the facts established that defendant Miriam Development did not disclose to seller its relationship to the purchaser, Yezol, Inc., that Miriam Development’s representative, Han Cohen, negotiated the contract of sale on behalf of Yezol, Inc., and subsequent to execution thereof negotiated further concessions from the seller. Defendants Miriam Development and Yezol, Inc. acted in concert by deliberately concealing their true relationship. As a result thereof, defendant Miriam Development, aided by defendant Yezol, Inc., committed a fraud through concealment and false representation (see 60A NY Jur 2d, Fraud and Deceit §§ 91-93, 123).
The jury properly found that as a result of the fraud, plaintiff suffered actual damages in the sum of $7,200. As to punitive damages, while the acts committed were reprehensible, the award, when viewed in light of the actual damages sustained, is excessive (cf. Suffolk Sports Ctr. v Belli Constr. Corp., 241 AD2d 546 [1997]). Given that plaintiff was forced to proceed with protracted litigation, it is our opinion that an award of punitive damages in the sum of $75,000 is appropriate. Thus, the judgment, insofar as it awarded punitive damages in the sum of $200,000 against each defendant, is vacated, as excessive, and a new trial granted on the issue of the amount of punitive damages, unless within 30 days after entry of the order hereon plaintiff serves and files with the Clerk of the City Court of Mount Vernon a written stipulation consenting to the reduction of the award for punitive damages from $200,000 as to each defendant to $75,000 as against both defendants, and to entry of an amended judgment accordingly, in the total sum of $82,200.
Finally, we note that since defendants failed to raise any objections to the court’s charge, the issue raised as to same was not preserved for appellate review (see CPLR 5501 [a] [3]; see also Suffolk Sports Ctr. v Belli Constr. Corp., 241 AD2d 546 [1997], supra). In any event, even if the issue were properly before this court, the instructions presented to the jury relevant to the issue of fraud and conversion contained all the necessary elements (see PJI3d 3:20 [2005]).
Rudolph, PJ., Angiolillo and Covello, JJ., concur.