People v Mesa (2024 NY Slip Op 50488(U))

[*1]

People v Mesa

2024 NY Slip Op 50488(U)

Decided on April 29, 2024

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 29, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Mesa, Defendant.

Docket No. CR-000117-23QN

For the People: Melinda Katz, District Attorney of Queens County (by Harpreet Kaur)
For Mr. Mesa: The Legal Aid Society (by Laura Eraso)

Wanda L. Licitra, J.

Pending before the court is a C.P.L. § 30.30 motion to dismiss. It alleges the People stated ready for trial without first filing a proper certificate of automatic discovery compliance. The motion claims the People filed the certificate without first exercising due diligence to ascertain the existence of impeachment material relating to their police witnesses. Upon review of the papers, the motion is granted.
Criminal Procedure Law § 245.50[1] defines a proper, good-faith certificate of compliance, and it requires the People to certify two assertions. First, that the prosecutor has exercised "due diligence" and made "reasonable inquiries" to "ascertain the existence" of discoverable material. (C.P.L. § 245.50[1]). And second, that "after" doing so, the prosecutor has "made available all known material and information subject to discovery." (Id.).
"Should a defendant bring a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a [certificate of compliance], the People bear the burden of establishing that they did, in fact, exercise due diligence . . . prior to filing [it]." (People v. Bay, 2023 NY Slip Op. 06407, at *7 [Dec. 14, 2023]). "If the prosecution fails to make such a showing, the [certificate] should be deemed improper, the [prosecutor's] readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed." (Id.).
Under C.P.L. § 245.20[1][k][iv], the People are required to disclose, as part of automatic discovery, "[a]ll evidence and information, including that which is known to police . . . that tends to . . . impeach the credibility of a testifying prosecution witness." Evidence of "a police witness's prior bad act . . . can be proper fodder" for impeaching that witness on the stand and therefore relates to the subject matter of the case. (See People v. Smith, 27 NY3d 652, 661 [2016]). Moreover, under C.P.L. § 245.20[2], "all items and information related to the prosecution of a charge" in the possession of the police "shall be deemed to be in the possession of the prosecution." Police misconduct is "'related to the prosecution of a charge' for the same reason that impeachment evidence relates to 'the subject matter of the case': it directly relates to whether the factfinder should believe the witness's testimony." (People v. Edwards, 74 Misc 3d 433, 441 [Crim. Ct., NY County 2021] [Weiner, J.]). "Consequently, with respect to every listed potential police witness, it [is] the People's obligation to disclose whether or not disciplinary [*2]records exist, and to provide the defense with copies of any existing records." (People v. Hamizane, 80 Misc 3d 7, 10-11 [citing Matter of Jayson C., 200 AD3d 447, 449 [1st Dep't 2021]; People v. Rodriguez, 77 Misc 3d 23, 24 [App. Term, 1st Dep't 2022]]).[FN1]

Here, the People designated four police officers as potential prosecution witnesses: Brandyn Baltusis, Jason Batista, Paul Lenoci, and Michael Fasano. However, the People failed to produce the underlying records for one of Officer Baltusis's IAB matters. The People neither dispute that assertion, nor do they explain why they did not produce these records. They note that they disclosed "underlying IAB documents in [their actual] possession." But they are silent on whether they disclosed underlying IAB records in the police's possession. (See C.P.L. § 245.20[2] [deeming the People to be in constructive possession of discoverable material in the police's possession]). These circumstances raise the inference that the People did not, in fact, act diligently to ascertain the existence of impeachment records in the NYPD's possession. In fact, the People provide zero indication that they did anything at all to ascertain the existence of impeachment material in the NYPD's possession. Thus, they fail to meet their "burden." (See Bay, 2023 NY Slip Op. 06407, at *7).
The problems do not end there, however. The People also admit that they were in possession of unredacted CCRB records regarding their testifying officers but only disclosed copies they had unilaterally redacted. "All [CCRB] documents are received unredacted," they explain, "and all redactions are made by the People for information that is protected under [Article 6 of the] Public Officer [sic] Law's 89 2-b[b] and [c]." (Oddly, the People simultaneously state that they also redacted "one case in which mediation was attempted and no disposition was made," which does not fall under that statute.) While the People disclosed some IAB records, they similarly only disclosed copies that the police redacted.
Aside from some special circumstances not at issue here, (see C.P.L. §§ 245.20[1][c], [d], [g]), the Criminal Procedure Law limits unilateral redactions to "social security numbers and tax numbers," (C.P.L. § 245.20[6]). Should the People seek to condition disclosure on further redactions, the law requires that they seek a protective order from a court. (C.P.L. § 245.70; see also People v. Marte, 82 Misc 3d 528, 539 [Crim. Ct., Queens County 2023] ["As many courts have noted, the People are without authority to make such redactions without at least a pending court-approved protective order."]; People v. Best, 76 Misc 3d 1210[A], at *6 [Crim. Ct., Queens [*3]County 2022] ["[T]he disclosure of . . . records must be automatic, absolute and without redaction, adulteration, or censorship by the People."]).
That the People even opened Article 6 of the Public Officers Law boggles the mind. That is New York's Freedom of Information Law ("FOIL"), which governs FOIL requests by "the public" to access government records. (See generally Pub. Off. Law § 84 ["Legislative declaration"]). Unsurprisingly, FOIL allows the government greater authority to withhold information from public-records requests than what the Criminal Procedure Law authorizes in a criminal proceeding. But FOIL has absolutely nothing to do with criminal procedure, criminal discovery, or any of the rights or rules included in those processes. The criminal discovery statutes are not coextensive, or even tangentially related, to FOIL. Nor do they ever ask the People to go fishing around unrelated statutes for excuses to unilaterally withhold material. To the contrary, Article 245 mandates that the People presume disclosure, (C.P.L. § 245.20[7]), and if the People seek to condition that disclosure, to request a protective order from a court, (C.P.L. § 245.70). That the People inexplicably dispensed with the plain text of the Criminal Procedure Law in favor of an unrelated law governing FOIL requests evinces neither good faith compliance nor due diligence.
As a final matter, the People note that appellate law has been inconsistent regarding whether police misconduct records should be disclosed. (Compare Matter of Jayson C., 200 AD3d 447 [1st Dep't 2021]; People v. Hamizane, 8 Misc 3d 7 [App. Term, 2d Dep't 2023]; People v. Rodriguez, 77 Misc 3d 23 [App. Term, 1st Dep't 2022]; People v. Rojas-Aponte, 224 AD3d 1264 [4th Dep't 2024]; with People v. Johnson, 218 AD3d 1347 [4th Dep't 2023]; People v. Fuentes, 81 Misc 3d 136[A] [App. Term, 2d Dep't 2023]; People v. Weisman, 81 Misc 3d 129[A] [App. Term, 2d Dep't 2023]). As the Appellate Division decisions are from other jurisdictions and "split," (see People v. Sylvestre, 81 Misc 3d 1051, 1056 [Crim. Ct., Kings County 2023]), none of them control courts in Queens County.
However, inconsistent appellate decisions from other parts of the state are no excuse for the People to withhold documents here. The discovery statute commands a "presumption in favor of disclosure" when interpreting automatic discovery. (C.P.L. § 245.20[7]). "Whenever there is any debate about turning over a piece of material, the legislature explicitly instructed the People to presume the material is discoverable." (People v. Rugerio-Rivera, 77 Misc 3d 1230[A], at *2 [Crim. Ct., Queens County 2023]). The People's approach otherwise "appear[s] more bent on constricting the discovery statute, rather than acceding to the command of the Legislature that '[t]here shall be a presumption in favor of disclosure.'" (People v. Payne, 79 Misc 3d 827, 831 [Crim. Ct., Bronx County 2023] [quoting C.P.L. § 245.20[7]]).
It is no secret that our criminal legal system has long ensconced police misconduct behind an "incoherent mess" of inconsistent constitutional law. (See Thomas P. Hogan, An Unfinished Symphony: Giglio v. United States and Disclosing Impeachment Material about Law Enforcement Officers, 30 Cornell J. L. & Pub. Pol'y 715, 796 [2021]). After New York's 2020 discovery reforms, there is no reason for that to continue in our state. (See id. at 749-50 ["[T]here is now an 'open file' discovery rule regarding law enforcement Giglio material in New York."]). "By enacting CPL Article 245.20, the legislature chose to impose stricter disclosure obligations for the People whereby 'the People now have a statutory duty to disclose all evidence and information—including that which is known to police—that tends to impeach the credibility of a testifying prosecution witness.'" (Hamizane, 80 Misc 3d at 11 [quoting People v. Figueroa, 78 Misc 3d 1203[A], at *2 [Crim. Ct., Queens County 2023]]). Yet over four years later, the [*4]People continue dragging their feet into the new world. This court will not do the same. Under the plain text of Article 245, the People were required to disclose their police witness's misconduct records. Their failure to diligently follow the law renders their statement of readiness illusory. Because the People fail to show that any time within ninety days after arraignments should be excluded, (see People v. Wearen, 98 AD3d 535, 537 [2d Dep't 2012]; C.P.L. §§ 30.30[1][b], 30.30[4]), the case must be dismissed.
Any remaining issues regarding the certificate of compliance are moot.
The foregoing constitutes the order and decision of the court.
Dated: April 29, 2024
Queens, NY
Wanda L. Licitra, J.C.C.

Footnotes

Footnote 1:This has now been discussed by countless courts, so this decision will not reiterate the full analysis. A handful—and only a handful—of decisions are collected here so as not to clutter this opinion: People v. Hamizane, 80 Misc 3d 7 [App. Term, 2d Dep't 2023]; Matter of Jayson C., 200 AD3d 447, 448-49 [1st Dep't 2021]; People v. Rodriguez, 77 Misc 3d 23 [App. Term, 1st Dep't 2022]; People v. Juzwa, 81 Misc 3d 1221[A] [Crim. Ct., Queens County 2023] [Gonzalez, J.]; People v. Markovtsii, 81 Misc 3d 225 [Crim. Ct., Kings County 2023] [Hayes-Torres, J.]; People v. Eleazer, 78 Misc 3d 1222[A] [Crim. Ct., NY County 2023] [Maldonado-Cruz, J.]; People v. Payne, 79 Misc 3d 827 [Crim. Ct., Bronx County 2023] [Bowen, J.]; People v. Toussaint, 78 Misc 3d 504 [Crim. Ct., Queens County 2023] [Licitra, J.]; People v. Rugerio-Rivera, 77 Misc 3d 1230[A] [Crim. Ct., Queens County 2023] [Gershuny, J.]; People v. Goggins, 76 Misc 3d 898 [Crim. Ct., Bronx County 2022] [Morales, J.]; People v. Martinez, 75 Misc 3d 1212[A] [Crim. Ct., NY County 2022] [Rosenthal, J.]; People v. Edwards, 74 Misc 3d 433 [Crim. Ct., NY County 2021] [Weiner, J.]; People v. McKinney, 71 Misc 3d 1221[A] [Crim. Ct., Kings County 2021] [Kitsis, J.]; People v. Rodriguez, CR-002613-20BX [Crim. Ct., Bronx County May 20, 2021] [Johnson, J.]; People v. Cooper, 71 Misc 3d 559 [County Ct., Erie County 2021] [Eagen, J.].