People v Clark (2024 NY Slip Op 51296(U))

[*1]

People v Clark

2024 NY Slip Op 51296(U)

Decided on September 18, 2024

District Court Of Nassau County, First District

Wright, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2024
District Court of Nassau County, First District

People of the State of New York,

against
Tyronne C. Clark, Defendant.

Docket No. CR-012977-23NA

Anne T. Donnelly, District Attorney
Frederick K. Brewington, Esq., attorney for Defendant

David W. Wright, J.

PAPERS CONSIDERED NUMBERED
Defendant's Notice of Motion to Dismiss 1
Affidavit in Opposition to Defendant's Motion to Dismiss. 2
Affirmation in Reply 3
The defendant moves for an order striking the People's Certificate of Compliance (COC) and dismissing the accusatory instrument pursuant to CPL 30.30(5).
The defendant is charged with multiple violations of the VTL including driving while intoxicated (VTL 1192[3]), a misdemeanor. The defendant was arraigned on July 5, 2023. The matter was adjourned to July 26, 2023, for the defendant to retain counsel. On October 25, 2023, the People filed COC and Certificate of Readiness (COR). It is undisputed that the People failed to turn over complete disciplinary records for Trooper Casillo, a testifying witness. The missing discovery was received by the People on or about May 1, 2024, and a Supplemental COC was filed and served on July 11, 2024.
The defendant asserts that this late disclosure of the disciplinary records renders the initial COC and COR illusory, and therefore, insufficient to stop the speedy trial clock.
The People assert that the subject disciplinary records are not part of the automatic disclosure required by CPL 245.20 because they do not "relate to the subject matter of the case." Further, and in any event, the People assert that they exercised due diligence in providing the records to defense counsel.
At the outset, I have previously addressed the same issue raised here and rejected the People's position (see People v Gehlhaus, 82 Misc 3d 864 [Dist. Ct., Nassau Cnty, 2024]; see also People v Mohammed, 82 Misc 3d 1029(A) [Dist. Ct., Nassau Cnty 2024]). For the reasons that follow, despite more recent decisions from various appellate courts, my interpretation of CPL 245.20 has not changed.
The relevant portions of the automatic disclosure statute, CPL 245.20[1] and [k][iv], provide:
[1] The prosecution shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to [the following 21 categories (a)-(u)].
* * *
[k][iv] impeach the credibility of a testifying prosecution witness;
This position taken by the People regarding disclosure of police disciplinary records has been subject to divergent opinions among the trial courts and appellate courts since the enactment of CPL 245.20. Any question about what the People's obligation is in this regard appeared to have been resolved by People v Hamizane (80 Misc 3d 7 [App. Term. 2d Dept, 9th & 10th Jud. Dists, 2023]). The Appellate Term definitively concluded that summaries of disciplinary records do not comply with the People's obligation under CPL 245.20[1][k]. The court in Hamizane held, "with respect to every listed potential police witness, it was the People's obligation to disclose whether or not disciplinary records exist, and to provide the defense with copies of any existing records (Id. at 11). Further, the court specifically rejected the People's contention that only disciplinary records relating to the subject matter of the case need to be disclosed (Id.). 
While the Hamizane decision was a clear statement that all disciplinary records must be produced in order to comply with the requirements of CPL 245.20, subsequent decisions appear to call that holding into question. The Appellate Division, Fourth Department in People v Johnson (218 AD3d 1347 [4th Dept. 2023]), and People v Weisman (81 Misc 3d 129[A] [App Term, 2d Dept, 9th & 10th Jud Dists, Oct. 26, 2023]), state that only IAB or disciplinary records of police witnesses that are "related to the subject matter of the case" are subject to automatic discovery. However, in neither case is there any discussion of what the allegations of misconduct were or whether they might bear on the credibility of an officer's testimony, which is always related to the subject matter of the case (see People v Silva-Torres, 200 NYS3d 744 [Crim. Ct., NY Cnty, Rosenthal, J., Oct. 25, 2023]). Further, the discussion of the IAB records in Weisman appears to be pure dicta as there was no reason to reach that issue in review of a post-trial judgment of conviction. Moreover, People v Johnson is directly contrary to the Appellate Division, First Department decision in Matter of Jayson C (200 AD3d 447[1st Dept. 2021]), which held that CPL 245.20(1)(k)(iv) "broadly requires disclosure of all impeachment evidence."
Thereafter, the Appellate Term, Second Department, for the 9th and 10th Districts, issued a pair of decisions which are directly contrary to the holding in Hamizane, without expressly overruling Hamizane. In People v Fuentes (18 Misc 3d 136[A] [App Term, 2d Dept, 9th & 10th Jud Dists Dec. 14, 2023]) and People v Woerner (81 Misc 3d 136[A] [App Term, 2d Dept, 9th & 10th Jud Dists Dec. 14, 2023]), the Appellate Term held that internal affairs records of a testifying police officer did not have to be disclosed pursuant to CPL 245.20[1][k][iv] because those records did not "relate to the subject matter of the case' as they involved incidents "in a wholly unrelated case involving a different individual more than two years before the defendant [*2]was charged." The Appellate Term cited People v Johnson as authority for its holding. It appears that the Appellate Term now reads CPL 245.20 [1] as limiting the items subject to automatic disclosure listed in subsections [a] through [u] to only those items that "relate to the subject matter of the case."
The Appellate Term, Second Department, for the 2d, 11th and 13th Judicial Districts, recently issued two decisions which appear to be in line with Fuentes and Woerner (People v Earl, — Misc 3d — [App Term, 2d Dept, 2d, 11th & 13th; Aug. 20, 2024]; People v Jawad, — Misc 3d — [App Term, 2d Dept, 2d, 11th & 13th; Aug. 13, 2024]. Both of those cases relied upon a decision form the Appellate Division, Third Department, in People v McCarty (221 AD3d 1360 [3d Dept. Nov. 30, 2023]). The relevant language from McCarty is as follows:
Defendant's second contention that CPL 245.20(1)(k) required automatic disclosure of the entire disciplinary record for each and every law enforcement officer involved in his case, is belied by a plain reading of the automatic disclosure statute which requires the People to disclose "all items and information that relate to the subject matter of the case" (CPL 245.20[1]), a limitation that is consistent with the balancing of interests espoused by the Court of Appeals. (emphasis added).
Most recently, the Appellate Division, Second Department, rendered a decision in People v Macaluso (— AD3d — [2d Dept. Sept. 11, 2024]), which essentially adopts the language of McCarty. Significantly, however, there is no indication in either decision as to what records were at issue. CPL 245.20 does not require the People to disclose the disciplinary records for each and every law enforcement officer involved in the case. Rather, it requires the People to disclose potential impeachment evidence for police officers who will testify at a hearing or trial. Accordingly, it is unclear whether McCarty and Macaluso extend the "subject matter of the case" limitation to disciplinary records of testifying officers.
A holding that the disciplinary records of testifying officers are not part of the People's automatic disclosure obligations pursuant to CPL 245.20 is inconsistent with the intent and the practical impact of the statute itself. There can be no dispute that the Legislature intended a sweeping and broad revamp of discovery in criminal case when it enacted CPL 245.10. The well respected criminal procedure scholar Judge William Donnino stated in the commentaries to the statute that "the prosecution's obligation to provide discovery under the current statute is so broad as to virtually constitute 'open file' discovery, or at least make open file discovery the far better course of action to assure compliance." [William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 245.10]; See also: People v. Trotman, 77 Misc 3d 1210(A), 178 N.Y.S.3d 426 (Crim. Ct. Queens Co. 2022); People v. SozorangaPalacios, 73 Misc 3d 1214(A), 154 N.Y.S.3d 747 (Crim. Ct. NY Co. 2021). Indeed, CPL § 245.20(7) emphasizes that, "There shall be a presumption in favor of disclosure when interpreting sections 245.10 and 245.25, and subdivision one of section 245.20." In People v Bay (— NY3d — 2023 NY Slip Op. 06407 [Dec. 14, 2023]), the Court of Appeals described CPL 245.20 as follows:
CPL 245.20, titled "[a]utomatic discovery," requires disclosure to a defendant of "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20[1]). The statute enumerates 21 categories of material subject to disclosure (see CPL 245.20[1] [disclosure obligations include, but are not [*3]limited to, these categories]).
This is a broad inclusive interpretation of the People's obligations in line with Judge Donnino's analysis and is not limited or exclusive.
Further, the overriding intent of the changes to discovery procedure was to get the information into the hands of the defendant and defense counsel expeditiously, within 35 days of arraignment (CPL 245.10[1][a][i]), in order to promote a quicker resolution of the matter and provide a defendant with complete knowledge of the evidence in the case (see People v. Copicotto, 50 NY2d 222, 226 [1980] [a broad statutory scheme for pre-trial disclosure in a criminal case "evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hands of the adversary until events unfold at trial. Broader pre-trial discovery enables the defendant to make a more informed plea decision, minimizes the tactical and often unfair advantage to one side, and increases to some degree the opportunity for an accurate determination of guilt or innocence."]). To hold that for some reason, the Legislature imposed sweeping and broad automatic disclosure obligations on the People, but carved out an exception for impeachment evidence of testifying police officers defies logic and the clear intent of the statute. While the People would still have to disclose the impeachment materials pursuant to United States v Giglio (405 US 150 [1972]), they could do so just prior to hearing or trial which does not aid in the expeditious resolution of the matter and is not consistent with the intent of the statute.
As a practical matter, holding that the People only have to disclose disciplinary records of testifying officers which "relate to the subject matter of case," would mean that the People decide what is discoverable and what is not discoverable. That is simply not what the Legislature intended. Indeed, the Legislature specifically built in a procedure for the People to challenge the disclosure of police disciplinary records by making a motion for a protective order (CPL 245.70). Moreover, limiting the disclosure of disciplinary records to those that "relate to the subject matter of the case," as the courts in Earl and Jawad did, would lead to an absurd result. For example, if an arresting police officer had previously been disciplined for making false statements in a report or supporting deposition, then that information would not be discoverable in any future prosecutions because it would not "relate to the subject matter of the [present] case." Clearly, such a result would be contrary to Giglio.
Finally, and almost overlooked by all of the noise associated with this issue, we are addressing only disclosure, not admissibility. At the very least, it would be for the judge presiding at a hearing or trial to decide the impeachment value of the disciplinary records or even the disclosure of the records pursuant to a motion for a protective order. If the People believe that only disciplinary records of testifying officers that "relate to the subject matter of the case" are subject to automatic disclosure, then it is for the judge presiding over the case to decide what information "relates to the subject matter of the case," not the People. No such application was made in this case.
Accordingly, as there is no clear binding appellate authority on the issue of automatic disclosure of testifying police witnesses (see People v Suber, 19 NY3d 247 [2012]; Mountain View Coach Lines, Inc. v Storms, 102 AD2d 663 [2d Dept. 1984]), I interpret CPL 245.20[1][k][iv] in line with People v Bay, People v Hamizane, the Legislative intent of the statute, and the rules of statutory construction, and, therefore, hold that the People are obligated to disclose all disciplinary records, for testifying police witnesses, without limitation.
The question then becomes whether the People exercised due diligence in attempting to obtain the disciplinary records. Here, the People have not met that standard. There is no information in affidavit or affirmation form detailing the efforts the assigned ADAs made to obtain Trooper Casillo's complete disciplinary file. There is no explanation for the delay in exchanging the information with defense counsel after the records were obtained. The People admittedly had the records on or about May 1, 2024, and waited over two (2) months to exchange them.
Accordingly, the COC filed on October 25, 2023, was invalid.
In light of the improper COC in this case, the People's purported COR was insufficient to stop the speedy trial clock. Accordingly, the defendant's motion to dismiss the accusatory instrument pursuant to CPL 30.30(5) is granted.
This constitutes the Decision and Order of the Court.
HON. DAVID W. WRIGHT, J.D.C.
Dated: September 18, 2024