People v Quintana (2025 NY Slip Op 50596(U))

[*1]

People v Quintana

2025 NY Slip Op 50596(U)

Decided on April 17, 2025

Criminal Court Of The City Of New York, Bronx County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Nelson Quintana, Defendant.

Docket No. CR-012868-24BX

Defense Counsel
Shanisha Forbes
The Bronx Defenders 
360 East 161st Street
Bronx, NY 10451
sforbes@bronxdefenders.org
Bronx District Attorney's Office
Assistant District Attorney Jason Isaacs
198 East 161st Street
Bronx, NY 10451
IsaacsJ@Bronxda.nyc.gov

Daniel M. Lewis, J.

Defendant Nelson Quintana is charged by information with Reckless Endangerment in the Second Degree (Penal Law [PL] § 120.20), a class A misdemeanor; Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs (Vehicle and Traffic Law [VTL] § 1192 [3]), Reckless Driving (VTL § 1212), unclassified misdemeanors, and one count of Driving While Ability Impaired (VTL § 1192[1]), a traffic infraction.
Defendant moves to dismiss the information pursuant to CPL §§ 30.30(1) and 170.30(1)[e], arguing the People's failure to properly certify compliance with CPL Article 245's discovery mandates rendered their August 30, 2024, Certificate of Compliance (COC) invalid and Statement of Readiness (SOR) illusory.
As explained below, Defendant's motion to invalidate the People's COC, find the SOR [*2]illusory, and dismiss the case pursuant to CPL § 170.30(1)(e) and CPL § 30.30(1) is GRANTED.
Pertinent Procedural History
Defendant stands charged with VTL § 1192(3) and other related charges. Defendant was arraigned on June 2, 2024. The case was adjourned to July 18, 2024, for conversion and the COC. On July 18, 2024, the complaint was deemed an information and Defendant was arraigned on the information. The matter was adjourned to August 13, 2024, for the People's COC and screening and assessment results.
On August 13, 2024, the People had not yet filed a COC and SOR. The matter was adjourned to September 17, 2024, for the People's COC and screening and assessment results. On August 30, 2024, off-calendar, the People filed their COC and SOR.
On September 9, 2024, the People filed their first supplemental COC ("SCOC") detailing the disclosure of updated medical records for PO Dembele, prisoner movement slip, and WINQ.
On September 17, 2024, the Court and defense counsel acknowledged the People's off calendar filing. Defense counsel requested additional time to review discovery, and the case was adjourned to October 8, 2024, for a discovery conference.
On October 8, 2024, the defendant's appearance was excused. The People indicated that they requested outstanding materials from NYPD and were awaiting their response. The matter was adjourned to November 6, 2024, for discovery compliance.
On October 7, the People filed a second SCOC signaling the disclosure of updated calibration, gas chromatography, and simulator solutions reports.
On November 6, 2024, a discovery conference was held. The People indicated that they secured memobooks and would provide the full scratch complaint report to defense once they obtained it. They also represented that they would continue to follow up with NYPD regarding outstanding materials. The matter was adjourned to November 22, 2024, for a discovery update. On November 22, 2024, with unresolved discovery issues remaining the Court set a motion schedule and adjourned the matter to February 13, 2025, for decision.
On November 8, 2024, the People filed their third SCOC memorializing their disclosure of memobooks for Police Officers Mendoza and Dipaoli and the entire Scratch 61.
On November 19, 2024, the People filed a fourth SCOC confirming the disclosure of body worn camera footage for Inspector John Potkay.
On February 13, 2025, the People answered ready. The matter was adjourned to March 25, 2025, for the Court's decision. Thereafter the case was administratively adjourned to April 4, 2024.
Discussion
The Court finds that the People's efforts prior to the filing of their COC did not evince the due diligence, good faith and reasonable inquiry necessary for COC validity. 
"[T]he key question in determining if a proper COC has been filed is whether the prosecution has 'exercise[d] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery'" (People v Bay, 41 NY3d 200, 212 [2023], quoting CPL § 245.20[2]). Although "[t]here is no rule of 'strict liability' . . . the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of due diligence" (id. at 212).
While a belated filing will not necessarily invalidate a COC or denote a lack of due diligence, a belated filing also "cannot compensate for a failure to exercise diligence before the initial COC is filed" (People v Bay, 41 NY3d at 212). It is the People's burden to establish that they exercised due diligence and made reasonable inquiries prior to filing their original COC (id. at 213). If the prosecution fails to satisfy such burden, the COC should be deemed improper and the accompanying statement of readiness invalid (id at 213).
In this case, the prosecution belatedly disclosed several items subject to the automatic discovery provisions of CPL § 245.20, namely, memobooks, body worn camera footage, gas chromatography reports, calibration reports and simulator solution reports, the existence of which, given the nature of the offenses charged should have been apparent to the prosecution at the commencement of this matter.[FN1]
To be sure, belated disclosure is not the death knell of a COC. As is well settled by now, a sufficient showing of good faith, due diligence, and reasonable inquiry prior to the People filing their COC will normally support the COC's validity despite belated disclosure. However, the People bear the burden to set forth those efforts when their COC is challenged.
Here, the People's recitation is replete only with efforts to obtain these items after defense counsel notified them that they were missing and is utterly bereft of their efforts to obtain these items prior to the filing of their COC. As stated above, a belated filing will not necessarily invalidate a COC, but it also "cannot compensate for a failure to exercise diligence before the initial COC is filed" (People v Bay, 41 NY3d at 212). 
Based on the record presently before it, the Court cannot ascertain what efforts were made by the People to acquire these routine and critical pieces of discovery prior to the COC filing date. Nor can the Court extrapolate due diligence from factual details that were not provided. Absent any record to the contrary, the Court must conclude that the People failed to evince the requisite reasonable inquiries, due diligence, and good faith prior to filing their COC.
Updated gas chromatography reports, simulator solution reports and calibration reports
Defense counsel argues that the People's belated disclosure of these updated reports invalidates their COC. The People assert that defense requested these materials from the assigned Assistant District Attorney ("ADA") on September 20, 2024, and the ADA shared the updated reports with defense counsel on October 7, 2024.
Defendant is charged with Operating a Motor Vehicle While Intoxicated and related offenses. The People do not dispute the discoverability or the timeline of the disclosure. Instead, they argue that despite the belated disclosure of these reports, they nonetheless exercised due diligence and good faith by providing these records to defense counsel on October 7, after defense counsel alerted them of the omission. Criminal Procedure Law § 245.20(1)(s) provides:
In any prosecution alleging a violation of the vehicle and traffic law, where the defendant is charged by . . . information . . . all records of calibration, certification, inspection, repair or maintenance of machines and instruments utilized to perform any scientific tests [*3]and experiments, including but not limited to any test of a person's breath, blood, urine or saliva, for the period of six months prior and six months after such test was conducted, including the records of gas chromatography related to the certification of all reference standards and the certification certificate, if any, held by the operator of the machine or instrument.
The statute also provides an exception regarding reports generated six months after the test was conducted. 
The time period required by subdivision one of section 245.10 of this article shall not apply to the disclosure of records created six months after a test was conducted, but such disclosure shall be made as soon as practicable and in any event, the earlier of fifteen days following receipt, or fifteen days before the first scheduled trial date.
Hence, disclosure of these items is required the "earlier" of 15 days following receipt or fifteen days before the first trial date. Here the test was conducted on June 1, 2024. Therefore, the exception would apply to reports generated after June 1.
The People's submissions do not state when these items were initially requested or received. Therefore, the Court cannot determine when disclosure was "practicable" or whether disclosure was nonetheless properly made within 15 days of receipt. Because it is the People's burden to set forth the steps they took, in the absence of this information the Court must conclude that the People either did not disclose the reports "as soon as practicable" or disclosed them more than 15 days after receipt.
Moreover, the People's papers do not specify which reports were disclosed with the COC and which were outstanding. Again, when the People make essentially no record as to their efforts to acquire materials prior to the COC date, as is their burden, the Court must presume that sufficient efforts were not made (see People v. Lithgow, 2024 NY Slip Op 024330 [Crim Ct, NY County 2024]).
Memobooks
Defendant contends that the People's belated disclosure of memobooks for Police Officer (PO) Dipaoli, PO Agustin Mendoza, Captain Ortiz, and two unidentified on scene officers should invalidate the People's COC. The People do not dispute the discoverability of these officers' memobooks or the timeline. They however point to the ultimate disclosure of the existing memobooks on November 8, 2024. 
According to the People, defense counsel alerted them that the memobooks were outstanding on September 20, 2024, and in response they promptly followed up with the precinct's discovery liaison. Moreover, they contacted the officers directly multiple times and provided memobooks for PO Mendoza and PO Dipaoli on October 11, 2024. [FN2]

Under the facts in Bay, the Court concluded that the People's failure to disclose routine and significant items without detailing any efforts to acquire these items prior to the COC did [*4]not constitute due diligence (id. at 215). Likewise here, the People's motion does not provide the Court with adequate information to support their claim that they exercised due diligence to obtain the memobooks before certifying their discovery compliance. Moreover, the People's supplemental COC sheds no further light on whether the People exercised due diligence as there is no explanation beyond a recitation of requests made for the memobooks after the COC was filed.
As with the DWI reports, given the void of information as to steps taken prior to the filing of their COC, the Court has no option but to conclude that the People failed to evince the good faith, due diligence, and reasonable inquiry required. 
Body worn camera
Similarly, the People do not dispute the discoverability of the body worn camera footage for PO Dipaoli, PO Mendoza, Captain Ortiz, Captain Lombrado, and Inspector Potkay or the discovery timeline, but they assert that they exercised the due diligence and good faith necessary for COC validity based on requests to NYPD starting on October 8th and multiple follow up requests. However, the People's motion does not set forth their efforts to obtain this footage prior to the filing of the COC. As before, because it is the People's burden to demonstrate that they exercised due diligence, good faith, and reasonable inquiry as of the COC filing date, in the absence of that information, the Court must conclude the People's efforts were insufficient.
In sum, a holistic assessment of the People's efforts, considering all the factors enumerated in Bay — and in particular here, "the efforts made by the prosecution . . . to comply with the statutory requirements" prior to the COC filing date, which the prosecution simply does not provide, and "the explanation for any discovery lapse", which also is missing from the record before this Court — it cannot be said that the People evinced the due diligence, good faith, and reasonable inquiry that the law required for COC validity. Thus, the Court finds that the People's COC is invalid and therefore the SOR is illusory.
Conclusion
Motion to Dismiss
For the reasons stated above, the People's COC is invalid. The subsequent SCOCs are also invalid.
June 2, 2024—July 18, 2024
On June 2, 2024, Defendant was arraigned. The case was adjourned to July 18, 2024, for COC and conversion. forty-six (46) days are chargeable to the prosecution.
July 18, 2024—August 13, 2024
On July 18, 2024, over defense counsel's objection the complaint was deemed an information and Defendant was arraigned. The case was adjourned to August 13, 2024, for screening and assessment results and COC. Twenty-six (26) days are chargeable to the prosecution.
August 13, 2024—September 17, 2024
The People had not yet filed a COC. The matter was adjourned to September 17, 2024, [*5]for screening and assessment results and for the People to certify discovery compliance. On August 30, 2024, off calendar, the People filed their COC and SOR. As discussed above, however, the initial COC and SOR were not valid because of the People's belated disclosure of memobooks, body worn camera, and records associated with the maintenance, repair and calibration of the breathalyzer machine. Therefore, this entire adjournment, thirty-five (35) days, is chargeable to the People.
September 17, 2024—October 8, 2024
On September 17, 2024, defense counsel and the Court confirmed receipt of the People's off calendar filing. Defense counsel requested additional time to review discovery. The matter was adjourned to October 8, 2024, for a discovery conference. On September 9, 2024, off calendar the People filed a SCOC and SOR. Zero (0) days are chargeable to the prosecution.
October 8, 2024—November 6, 2024
On October 8, 2024, a discovery conference was conducted. Defendant's appearance was excused for this date. The People informed the Court that on October 7, they provided additional discovery to defense counsel and made request for additional materials. The matter was adjourned to November 6, 2204, for a discovery compliance update. On October 7, 2024, the People filed a SCOC and SOR. Zero (0) days are chargeable to the prosecution.
November 6, 2024—November 22, 2024
On November 6, 2024, Defendant's appearance was excused for this date. The parties confirmed that the People's disclosure of additional discovery. The People informed the Court that they followed up with NYPD on outstanding discovery atleast 10 times since the previous court date and that they would continue to make efforts to acquire outstanding discovery. The matter was adjourned to November 22, 2024, for a discovery update. The People were directed to disclose missing pages of the Entity Report and to follow up on I-card information. The matter was adjourned for a discovery conference. The People filed SCOCs on November 8, and November 17. Zero (0) days are chargeable to the prosecution.
November 22, 2024—February 13, 2025
On November 22, 2024, the Court set a motion schedule to address unresolved discovery issues. The matter was adjourned to February 13, 2025, for the Court's decision. Zero (0) days are chargeable to the prosecution.
February 13, 2025—March 25, 2025
On February 13, 2025, the People answered ready. This motion was reassigned to this Court for decision. The matter was adjourned to March 25, 2025, for that purpose. The matter was thereabout administratively adjourned to April 4, 2025. Zero (0) days are chargeable to the prosecution.
Accordingly, the People are charged a total of 107 days, and defendant's motion to dismiss the accusatory instrument pursuant to CPL § 30.30(1)(b) is GRANTED.
The foregoing constitutes the opinion, decision, and order of the Court.
Dated: April 17, 2025
Bronx, New York
DANIEL M. LEWIS, J.C.C.

Footnotes

Footnote 1:The Court limits its decision to those items upon which the COC invalidation is based. This decision and order, will therefore, not address the prosecution's belated disclosure of the scratch complaint report and prisoner movement slip.

Footnote 2:NYPD confirmed that Captains Ortiz, Captain Lombrado and Inspector Potkay did not have memobooks. Although the People did not ascertain this information until after the filing of their COC, the Court's ruling here does not assert that good faith, due diligence, and reasonable inquiry is required for nonexistent items.