People v Rodriguez (2022 NY Slip Op 22393)

People v Rodriguez

2022 NY Slip Op 22393 [77 Misc 3d 23]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 1, 2023

[*1]

The People of the State of New York, Appellant,
v
Javier Rodriguez, Respondent.

Supreme Court, Appellate Term, First Department, December 29, 2022

APPEARANCES OF COUNSEL

Darcel D. Clark, District Attorney, Bronx (Reva Grace Phillips of counsel), for appellant.
The Bronx Defenders, Bronx (Steven Benathen of counsel), for respondent.

{**77 Misc 3d at 24} OPINION OF THE COURT

Per Curiam.

Order (Jeanine R. Johnson, J.), dated May 20, 2021, affirmed.
On defendant's motion for dismissal of the information on statutory speedy trial grounds (see CPL 30.30 [1] [b]), the People conceded that they were properly charged with 83 days of the 90-day time limit through November 12, 2020. At issue on this appeal is whether the People were properly charged for the 63-day period after November 12, 2020, or whether, as they claim, their November 12, 2020 certificate of compliance (COC) and statement of readiness stopped the speedy trial clock. Criminal Court held that the November 2020 COC was not proper and did not stop the speedy trial clock, and therefore dismissed the information pursuant to CPL 30.30. We agree, and on the People's appeal, affirm.
On November 12, 2020, prior to the expiration of the speedy trial period, the People served and filed an off-calendar COC and statement of readiness for trial. On November 17, 2020, defense counsel notified the People by email that their COC was defective asserting, insofar as relevant to this appeal, that the People failed to disclose impeachment evidence required by CPL 245.20 (1) (k). When the parties appeared in court on November 24, 2020, the court attempted to conduct an inquiry{**77 Misc 3d at 25} as to the People's "actual readiness" (CPL 30.30 [5]). Defense counsel repeated on the record his specific objections to the COC, as indicated in his November 17th email to the prosecutor. Instead of responding to defendant's detailed and specific challenges, or requesting a ruling from the court regarding their claim that the discovery provided was adequate, the People maintained their readiness and countered that any objections to their COC and readiness for trial should be made in writing. This position by the prosecutor was repeated to defense counsel in emails dated November 30, 2020, and December 14, 2020. On January 14, 2021, the People filed a supplemental COC and a new statement of readiness, which, for the first time, included a list of civil lawsuits against the testifying officers. On the same date, defendant moved to dismiss pursuant to CPL 30.30.
On this record Criminal Court properly held that the November 12, 2020 COC was not [*2]valid and therefore did not stop the speedy trial clock (see CPL 245.50 [3]). The People failed to provide relevant records to defendant, including underlying impeachment materials pursuant to CPL 245.20 (1) (k) (see Matter of Jayson C., 200 AD3d 447 [2021]; see also People ex rel. Ferro v Brann, 197 AD3d 787, 788 [2021], lv denied 38 NY3d 909 [2022]). Moreover, the People did not substantively challenge defendant's claim that the COC was improper at the November 24th appearance, seek a protective order (see e.g. People v Torres, 205 AD3d 524 [2022], lv denied 39 NY3d 942 [2022]), ask the court to rule on their actual readiness for trial at that time, or otherwise make a proper record permitting appellate review of the issue. Nor did the People's unsworn, unaffirmed memorandum of law in opposition to defendant's CPL 30.30 motion establish that they "exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery" and that the certificate of compliance was filed in "good faith and reasonable under the circumstances" (CPL 245.50 [1]).
We have considered the People's remaining arguments and find them unavailing.
Brigantti, J.P., Hagler and Tisch, JJ., concur.