People v Holmes (2024 NY Slip Op 50360(U))

[*1]

People v Holmes

2024 NY Slip Op 50360(U)

Decided on April 4, 2024

City Court Of Cohoes

Galarneau, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2024
City Court of Cohoes

The People of the State of New York

against
Rashad Holmes, Defendant.

CRNo. 1527-22

HON. P. DAVID SOARES, Albany County District Attorney
(Jacob Sheingold, Esq., of Counsel)
HON. STEPHEN W. HERRICK, Albany County Public Defender
(Kelly Vidur, Esq., of Counsel)

Eric M. Galarneau, J.

CPL §245.20(1)(k)(iv) requires the prosecution to turn over evidence that "tends" to impeach a witness. But who gets to decide what "tends to impeach" and what does not? On the one hand, the statute appears to entrust that decision to prosecutors because they are the ones charged with the obligation to disclose. At times, however, prosecutors allow their law enforcement partners to make that determination for them, especially when the disclosure involves complaints against police officers. The discovery statutes' avowed preference for openness would seem to suggest that such deference is misplaced.
In this case, the impeachment material relates to the officer who, on December 22, 2022, arrested the defendant for obstructing governmental administration and resisting arrest. The arresting officer was the complainant and primary witness on each charge. One month after the defendant's arrest, the People certified their compliance with their discovery obligation, with the defense reserving their right to contest the certification in writing. No challenge was made at the time. However, several months later, on the eve of trial, the People provided the defense with an April 2023 internal Cohoes Police Department memo about a "road-rage" incident involving the complainant police officer in a neighboring jurisdiction. Police in the neighboring jurisdiction [*2]apparently deemed the complaint "unfounded", so no additional reports or statements were turned over.
The delayed disclosure prompted the defense to move for the production of any reports connected with the road rage incident, and to invalidate the People's certificate of compliance. Implicit in the defense motion is that the officer was not just the complainant on the criminal charges but, as to several elements of the offenses, the sole witness. The People opposed both aspects of the motion, contending that they discharged their discovery obligations of acting with good faith and due diligence and insisting, in any event, that the information about the road rage incident was not disclosable because it was determined to be "unfounded".
The Court agrees with the People —to an extent. As the People and the defense point out, CPL §245.50 requires that the People fulfill their discovery obligations in good faith and with due diligence. The People did that here as far as their initial disclosure obligations are concerned the off-duty incident had not occurred by the time the People filed their discovery certification and thus could not be disclosed. Further, once the People learned about the off-duty incident, they immediately turned over the Cohoes Police internal memo which referenced the incident and noted that the neighboring jurisdiction determined it to be "unfounded". (See People v. Bay, 2023 WL 869188 * 6 [2023] ("due diligence" can be measured based on the People's response to being "apprised of any missing discovery")). In that sense, the People complied with their minimum discovery obligations.
Citing the neighboring law enforcement agency's dismissal of the incident, the People contend that their limited disclosure was enough. The Court is not so sure. An off-duty road rage incident involving the complainant police officer would seem to be perfect fodder for cross-examination in a case involving a charge of resisting arrest. After all, the road rage incident could bear on the officer's comportment during similarly tense encounters with citizens and thus undermine the officer's claims to the contrary on the witness stand. The People appear to concede the point, arguing only that no further disclosure about the road rage incident is needed because the incident was "unfounded" and therefore of no relevance whatsoever. 
The problem is that the People do not get to peremptorily decide what is unfounded. The People are not the guardians of police personnel records as they had been in the past, when a request for personnel records could be rebuffed with a simple invocation of Civil Rights Law §50-a. §50-a, however, is gone, and in its place is a discovery scheme that does not just encourage openness but compels it. (See CPL §245.20[7])[FN1]
Thus, the People cannot discharge their discovery obligations by parroting the conclusions of law enforcement as to whether something is worth disclosing or not. Among other things, the People must consider the materiality of the subject matter of the information to be disclosed before deciding whether to accept law enforcement's appraisal of the value of the disclosure or conduct their own inquiry.
In no event, however, may the People simply delegate their discovery obligations to the police. Due diligence requires more. As the Court of Appeals pointed out in Bay, the concept of "due diligence" incorporates the duty to make "reasonable inquiries" when warranted. Bay, at *6. In fact, so central to the requirement of due diligence is the "duty to inquire" that, when the [*3]integrity of the People's diligence is challenged, they bear the burden of proving that they made reasonable inquiries. Id. The "duty to inquire" is even more pronounced where, as here, the People are on notice that additional inquiry may be needed. In that case, the People must pursue reasonable lines of inquiry. The old college try won't do.
That is why this Court is troubled by decisions that seem to suggest that the People can satisfy their discovery obligations by providing police-sponsored summaries of complaints made against officers instead of making further inquiry into the primary sources of the complaint. (See, e.g., People v. Lewis, 78 Misc 3d 877[Sup. Ct. Kings Co. 2023]; People v. Sherman 78 Misc 3d 975 [Suffolk Co. Dist. Ct. 2023]; and cf Matter of Jayson C, 200 AD3d 447, 449 [1st Dep't. 2021]; People v. Hamizane, 80 Misc 3d 7 (App. Term. 2nd Dept. 2023]; People v. Rodriguez, 77 Misc 3d 23, 25 (App. Term. 1st Dep't. 2022]; People v. Soto, 72 Misc 3d 1153 [Crim Ct. NY Co 2021]; People v. Canstellanos, 72 Misc 3d 371 [Sup. Ct. Bronx Co. 2021]). Summaries may be appropriate for incidents that seem trivial —an officer was late for a shift, for example, or had an issue with their uniform. Even in those cases, however, the summaries are glosses provided by third parties who may be neutral, may be biased, but in all events serve to distance the facts from the prosecutor required to make the disclosure and, perhaps even more problematically, from defense counsel themselves, who are best able to appreciate the value of the disclosure for cross examination. Wigmore may be right to praise cross examination as the best engine for the discovery of truth, but what good is the engine if the adversary keeps the keys?
Of course, the Court is aware of the debate as to whether "impeachment" material should be confined to the strict "subject matter" of the case —i.e., the charges facing the defendant (see Lewis, 78 Misc 3d at 880)—or should be more expansive, taking into consideration that credibility is always relevant and therefore disclosable (see People v. Silvia-Torres, 81 Misc 3d 1121 [NY Crim Ct 2023]). This case does not require the resolution of that debate because the parties agree that a road rage incident is relevant enough to warrant at least some disclosure. Perhaps more importantly, the People's concession as to the significance of the road rage incident implies the scope of their obligation. In other words, if the subject matter of the disclosure is significant, then it is significant enough to disclose completely.
None of this is meant to suggest that the People must check every police blotter or court docket for off-duty incidents involving police witnesses. Nor does it challenge the Court of Appeal's determination in People v. Garrett that the People are not to be imputed with constructive knowledge about a police officer's alleged misconduct in a separate case having "no relationship to the case of the defendant". People v. Garrett, 23 NY3d 878, 889 (2014). However, where, as here, the People have actual knowledge of the alleged misconduct of one of their police officer witnesses, they must conduct some further inquiry. Actual knowledge is enough to require actual inquiry. 
That said, the Court cannot say that the People's belated disclosure in this case invalidates their certificate of compliance. As pertinent here, CPL §245.50(1-a) provides that the filing of a supplemental certificate of compliance "shall not impact the validity of the original certificate of compliance if the additional discovery did not exist at the time of the filing of the original" certification. In this case, it's undeniable that the original certification cannot be invalidated by [*4]the belated disclosure of a road rage incident that did not exist at the time of its filing. That does not mean that the Court is powerless to devise a remedy. CPL §245.80(2) authorizes the Court to impose sanctions which may include a "further order for discovery". At this point, that remedy seems most apt. More severe sanctions certainly are not warranted, as the Court is not in a position to determine whether the People or police are actually withholding additional discovery about the "road rage" incident. Should that turn out to be the case, the Court may, upon motion, consider whether further sanctions or remedies are appropriate or whether the supplemental discovery certification should be invalidated.
In light of the foregoing, the People are directed to produce to the defense, within thirty days of the date of this decision, any and all information from the neighboring jurisdiction related to the alleged road rage incident, if and to the extent it exists.
This shall constitute the Decision and Order of the Court.
Dated: April 4, 2024
Cohoes, New York
Eric M. Galarneau
Cohoes City Court Judge

Footnotes

Footnote 1: Civil Rights §50-a, which exempted police personnel records from disclosure in the absence of a court order, was repealed effective June 12, 2020.