People v Uddin (2025 NY Slip Op 51674(U))

[*1]

People v Uddin

2025 NY Slip Op 51674(U)

Decided on October 3, 2025

Criminal Court Of The City Of New York, Bronx County

Wolf, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 3, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Shaif Uddin, Defendant.

Docket No. CR-003452-25BX

For the People: Darcel D. Clark, District Attorney, Bronx County (by Harsh Patel)
For Shaif Uddin: The Legal Aid Society (by Josephine Whiteley)

Ralph L. Wolf, J.

Summary
Defense motion seeking dismissal of the information on statutory speedy trial grounds is GRANTED.
Procedural History
Shaif Uddin was arrested on February 22, 2025 and charged with reckless endangerment under Penal Law (PL) 120.20 and aggravated unlicensed operation of a motor vehicle under Vehicle and Traffic Law (VTL) 511(2)(a)(iv) and related charges. He was issued a desk appearance ticket requiring him to appear in court on March 14, 2025. On March 14, 2025 Mr. Uddin was arraigned and his case was adjourned to April 21, 2025 for the prosecution to file a Certificate of Compliance (COC). On April 21, 2025 Mr. Uddin did not appear, a bench warrant was stayed, and the case was adjourned to April 28, 2025 for him to appear. On April 28, 2025 Mr. Uddin appeared and his case was adjourned to June 16, 2025 for the prosecution to file their COC. On June 3, 2025 the prosecution filed their initial COC. On June 16, 2025 Mr. Uddin failed to appear and his case was adjourned to June 25, 2025 for him to appear. On June 23, 2025 the prosecution filed a supplemental COC (SCOC-1). On June 24, 2025 the prosecution filed a second SCOC (SCOC-2). On June 25, 2025 Mr. Uddin appeared and the case was adjourned to July 18, 2025 for COC conference. On July 18, 2025 the instant motion schedule was set.
The parties come before this court on a defense motion to dismiss under Criminal Procedure Law (CPL) 30.30. The defense argues that the prosecution listed items of discovery in their COC that were disclosed after the filing of the COC; that there were items of discovery not listed in the prosecution's COC and disclosed after the filing of the COC; and that there were items that were discoverable, but not listed in the prosecution's COC and not disclosed. The prosecution opposes the motion, arguing that they complied with their discovery obligations diligently and in good faith, that they exercised due diligence by making reasonable efforts when apprised of alleged discovery violations, and that the defense has not made a showing of prejudice to justify invalidating the COC.
[*2]Relevant Facts
The prosecution disclosed officer body worn camera (BWC) video on March 19, 2025 and, according to the prosecution, the remainder of the discovery related to their initial COC on June 3, 2025. The prosecution certified that they complied with their discovery obligations on three separate occasions — June 3, 23 and 24, 2025. On June 18, defense notified the prosecution that two discovery items listed in their initial COC had not, in fact, been disclosed: civil lawsuit documents related to one of the arresting officers and BWC audit trails. In the June 23 SCOC-1, the prosecution disclosed the lawsuit and BWC audit trails, without explaining why the two items had not been disclosed with the initial COC. The SCOC-1 also disclosed a third item: roll call logs. Supplemental COC-1 noted that the prosecution initially made the roll call log request of the wrong precinct and only received the BWC audit trails when they contacted the correct precinct. Finally, in SCOC-2, the prosecution disclosed an NYPD vehicle report which they acknowledged they first requested only four days before filing SCOC-2, on June 20. The defense argues that certain discovery remains outstanding including NYPD Internal Affairs Bureau (IAB) investigation logs containing both substantiated and unsubstantiated disciplinary findings and 911 metadata (including call details like number called from, name of caller and date/time/location of call).
Legal Analysis
Since the top charge in this case is an A misdemeanor, CPL § 30.30(1)(b) requires that the People be ready within 90 days. See People v. Brown, 28 NY3d 392, 403 (2016).
A valid COC requires the prosecution to make a diligent, good faith effort to determine what discoverable material exists and to disclose those materials to the defense. CPL § 245.20(2).
Read together, CPL 245.50 and CPL 30.30 require that due diligence must be conducted prior to filing a COC (see CPL 245.50[1] [detailing representations that must be included in a COC]; CPL 245.50[3] [directing that "the prosecution shall not be deemed ready for trial for purposes of (CPL 30.30) ... until it has filed a proper certificate pursuant to (CPL 245.50[1]").
People v. Bay, 41 NY3d 200, 212 (2023). Due diligence is "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." Black's Law Dictionary 573 (11th ed 2019) id. at 211. Recent amendments to CPL § 245.50 introduce a list of factors courts must consider when determining whether due diligence has been exercised:
[1] the efforts made by the prosecutor to comply with the requirements of this article; [2] the volume of discovery provided and the volume of discovery outstanding; [3] the complexity of the case; [4] whether the prosecutor knew that the belatedly disclosed or allegedly missing material existed; [5] the explanation for any alleged discovery lapse; [6] the prosecutor's response when apprised of any allegedly missing discovery; [7] whether the belated discovery was substantively duplicative, insignificant, or easily remedied; [8] whether the omission was corrected; [9] whether the prosecution self-reported the error and took prompt remedial action without court intervention; and [10] whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial.
CPL § 245.50(5)(a). Courts are instructed to evaluate the factors holistically. "The court's determination shall be based on consideration of all factors listed in paragraph (a) of this [*3]subdivision and no one factor shall be determinative." CPL § 245.50(5)(b). Based on the analysis of these factors below, this court cannot find that the prosecution exercised diligence before the filing of their COC.
• Prosecutorial Compliance Efforts. The prosecution has not demonstrated to this court the efforts it took to comply with the requirements of Article 245. It is clear that they did not "perform [their] initial discovery obligations within thirty-five calendar days after [] arraignment" (CPL § 245.10(1)(a)(ii)) or disclose impeachment materials expeditiously upon receipt (CPL § 245.20(1)(k)). The prosecution disclosed BWC video on March 19, 2025, five days after arraignment, but did not disclose any other discovery until at least June 3, 2025, the date the prosecution filed their initial COC, 74 days after Mr. Uddin's arraignment.
• Volume of Discovery. The discovery in this case is not particularly voluminous but the prosecution did disclose the majority of discovery when they filed their initial COC and, according to the defense, only IAB logs and metadata for 911 calls remain outstanding.
• Complexity of the Case. The prosecution has not demonstrated that this case is complex. Therefore, the prosecution's due diligence obligation is not particularly onerous and the prosecution should have been able to provide the requested information in a more timely manner.
• Prosecutorial Knowledge of Missing Material, Explanation of Discovery Lapse and Response to Discovery Lapse. The prosecution indicates that they believed they had disclosed in their initial COC, two of the four SCOC disclosed items. The prosecution does not state if they were aware of the other two belatedly disclosed items: One they describe as "previously unavailable" and requested on June 20 and June 23, 2025 (91 and 94 days, respectively, after Mr. Uddin's arraignment). The other, from SCOC-1, they did not state when they requested it. Regardless, the request was made to the wrong precinct and only disclosed to the defense on June 23, 2025.
• Belated Discovery was Duplicative, Insignificant or Easily Remedied. There is no indication that the belatedly disclosed discovery was duplicative or insignificant. Much of the missing discovery was easily remedied as it was turned over quickly.
• Omission Corrected. The prosecution turned over some of the items the defense indicated were missing, but the defense argues that there are omissions that have not been corrected. The prosecution argues that the IAB logs are not discoverable, but the First Department has held that they are. See People v. Rodriguez, 77 Misc 3d 23 (Appellate Term, 1st Dept 2023) (prosecution required "to provide relevant records to defendant, including underlying impeachment materials pursuant to CPL 245.20(1)(k)."). The prosecution argues that the 911 metadata is not discoverable because it does "not relate to the subject matter of the case." (Opposition at 20.) However, the discovery statute requires the prosecution to disclose "[a] copy of all electronically created or stored information seized or obtained by or on behalf of law enforcement [] which relates to the subject matter of the case." CPL § 245.20(1)(u). Metadata for 911 calls from this case is clearly related to the subject matter of this case. Further, the prosecution gives no indication that they attempted to obtain any 911 metadata. So there remain issues of discovery not yet resolved and the prosecution's omission has not been corrected fully.
• Error Self-Reported and Promptly Remedied. The prosecution did not self-report the missing discovery, but took action on some of the missing discovery when issues were raised by the defense.
• Prejudice to Defense. The defense argues that the factor on prejudice can only be considered relevant to items of "delayed disclosure," and the prosecution should not be allowed to argue that materials they did not obtain or review would not be prejudicial. The defense does not provide further information as to how it is prejudiced by the delayed and missing discovery. The prosecution, without any explanation, makes a conclusory argument that there is no prejudice to the defense.
After considering the CPL § 245.50 factors, the majority weigh in favor of the motion to dismiss. The prosecution offered little information, beyond conclusory statements, of their efforts to exercise due diligence prior to filing their COC. Even in their SCOCs and their opposition to the instant motion, they offer little insight into the diligence exercised prior to filing their initial COC. Their initial COC was not valid and their SOR is stricken as illusory. Their SCOCs do not adequately explain their reason for late disclosure, or the diligence exercised prior to filing their COC and their SCOCs. Therefore, they were not ready for trial within 90 days as required under CPL § 30.30 and this court must dismiss the information.
Should a defendant bring a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed.
Bay, 41 NY3d at 213 (internal citations omitted).
Conclusion
Because the prosecution failed to demonstrate that they complied with the mandates of the discovery statutes, including that they exercised diligence and made reasonable efforts to obtain and disclose the required discovery prior to filing their COC, their COC, SCOCs and SORs are not valid. Since they did not file a valid COC and SOR within 90 days of Mr. Uddin's arraignment, this case must be dismissed.
The motions for hearings and other issues presented in the omnibus motion are moot.
The foregoing constitutes the order and decision of the court.
Dated: October 3, 2025
Bronx, NY