People v Bah (2025 NY Slip Op 52093(U))

[*1]

People v Bah

2025 NY Slip Op 52093(U)

Decided on December 9, 2025

Criminal Court Of The City Of New York, Bronx County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 9, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstAbdoulaye S. Bah, Defendant.

Docket No. CR-016005-25BX

Defendant: Bronx Defenders by Courtney Weber, Esq. 
People: Bronx County District Attorney's Office by ADA Chandler Eller.

Daniel M. Lewis, J.

Defendant is charged by information with VTL §§ 1192 (2) and 1192 (3), unclassified misdemeanors punishable by up to 364 days in jail, and VTL § 1192 (1), an infraction punishable by up to 15 days in jail, alleging that on June 8, 2025, at Prospect Avenue and East 169th Street in the Bronx, Defendant operated a motor vehicle while in an intoxicated condition, as evidenced by a breathalyzer test showing above .08% blood alcohol content, and while his ability was impaired by the consumption of alcohol.
On October 27, 2025, Defendant moved to dismiss the case pursuant to CPL §§ 170.30 (1) (e) and 30.30, arguing that the People's certificate of compliance (COC) was invalid; that the statement of readiness (SOR) was illusory; and therefore, the People have exceeded the statutorily prescribed speedy trial time of 90 days.
For the reasons explained below, Defendant's motion to find the People's COC invalid and the SOR illusory is DENIED. Accordingly, Defendant's motion to dismiss the accusatory instrument pursuant to CPL §§ 170.30 (1) (e) and 30.30 is also DENIED.
 PROCEDURAL HISTORYOn June 9, 2025, the criminal complaint was filed and deemed an information without objection, and Defendant was arraigned on the information. On September 22, 2025, the People filed a COC and SOR. On October 7, 2025, Defendant raised objections with the People in a letter, which they attached in an email to the People and filed with the Court off-calendar. On October 22, 2025, Defendant followed up with the People over email regarding these objections. A record of the correspondence between Defendant and the People were provided to the Court with Defendant's motion papers. On October 27, 2025, Defendant filed their motion to dismiss off-calendar. The matter was administratively adjourned to December 9, 2025, for decision.

DISCUSSION
 [*2]I. Motion to Dismiss the Accusatory Instrument
A motion to dismiss must be granted where the People are not ready for trial within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months, and none of which is a felony" (CPL §§ 30.30 [1] [b], 170.30 [e]).
This case commenced on June 9, 2025, with the filing of a misdemeanor complaint in which the highest charged offense was an unclassified misdemeanor, punishable by up to 364 days in jail (VTL § 1192 [2], [3]). The People had 90 chargeable days from June 9, 2025, to be ready for trial. However, the parties agree that on August 20, 2025, Defendant waived time until September 12, 2025. That time period is not chargeable to the People (see CPL § 30.30 [4] [b]).
At issue is the validity of the COC filed on September 22, 2025. If valid, the filing of the COC and SOR would have resulted in less than 90 days of speedy trial time chargeable to the People. Without a valid COC, however, the accompanying SOR would be a nullity and ineffective to stop the "speedy trial" clock (CPL §§ 30.30 [5], 245.50 [3]; People v Bay, 41 NY3d 200, 206 [2023]). Defendant contends that the SOR filed on September 22, 2025, was illusory because it was not accompanied by a valid COC. Thus, Defendant states that over 90 days are chargeable to the People. The People argue that they filed a valid COC and SOR, and thus only 82 days are chargeable.[FN1]

To decide on the validity of the COC, this Court must determine whether the People made "a diligent, good faith effort" to learn of existing discoverable materials and make such materials available to Defendant (CPL § 245.20 [2]). On a motion challenging the validity of a COC, "the People bear the burden of establishing that they did, in fact, exercise due diligence and make reasonable inquiries prior to filing the initial COC" (Bay, 41 NY3d at 212). "[P]ost-filing disclosure and a supplemental COC cannot compensate for a failure to exercise due diligence before the initial COC is filed" (id.). Thus, the People must demonstrate what efforts they made before filing the COC to determine the existence of and provide any belatedly disclosed or missing discoverable materials (id.; People v Baker, 229 AD3d 1324, 1327 [4th Dept 2024]).
The Court of Appeals in Bay identified factors as relevant to the analysis of whether the People exercised due diligence in the filing of their COC (Bay, 41 NY3d at 212). In August 2025, the Legislature amended Article 245 of the CPL governing discovery wherein they codified some of the Bay factors and added others for courts to consider. The Legislature first instructs courts when determining a party's due diligence to consider "the totality of the party's efforts to comply with the provisions of [Article 245], rather than assess the party's efforts item by item" (CPL § 245.50 [5]). The factors put forth by the Legislature
include, but are not limited to: the efforts made by the prosecutor to comply with the requirements of this article; the volume of discovery provided and the volume of discovery outstanding; the complexity of the case; whether the prosecutor knew that the belatedly disclosed or allegedly missing material existed; the explanation for any alleged discovery lapse; the prosecutor's response when apprised of any allegedly missing discovery; whether the belated discovery was substantively duplicative, insignificant, or easily remedied; whether the omission was corrected; whether the prosecution self-[*3]reported the error and took prompt remedial action without court intervention; and whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial (CPL § 245.50 [5] [a]).Here, Defendant asserts that that the People's COC was invalid and the accompanying SOR thus illusory as demonstrated by the following outstanding items:
• Giglio materials (underlying IAB attachments) for three testifying officers• Body-worn camera (BWC) audit trails/logsII. Motion to Invalidate the People's COCThe Court finds the People exercised the good faith, due diligence, and reasonable inquiry required for COC validity. Thus, the SOR filed on September 22, 2025, is not illusory and 81 chargeable days have elapsed. Analyzing the People's efforts using the CPL § 245.50 (5) (a) factors shows that the totality of the People's efforts before filing the COC satisfy the requirements for COC validity.
From the outset, the Court notes that the People failed to comply with the timeliness provisions set forth in CPL § 245.10. In cases where a defendant is not in custody, as in the instant matter, initial discovery obligations "shall" be performed "within twenty calendar days after the defendant's arraignment (CPL § 245.10 [1] [a] [ii]). When discovery is voluminous, an additional 30 days are granted without motion practice (CPL § 245.10 [1] [a]). However, here the People's COC was not filed until the 81st day and without a request for additional time (see CPL § 245.70 [2]). Based on the Court's review of the procedural history of the case and the parties' communications, it appears that had the People complied with CPL § 245.10, this motion practice could have been avoided, as CPL § 30.30 would likely not have been implicated.
Defense counsel timely raised objections to the COC on October 7, 2025, and the People did not respond. Defense counsel then followed up on October 22, 2025. This time, the People replied, first claiming not to have received the initial email, and on October 23, 2025, acknowledging receipt of Defendant's objections. At this point, a reasonable prosecutor would anticipate motion practice challenging the COC's validity if the discovery disputes were not promptly resolved. Yet, as of the filing of Defendant's motion on October 27, 2025, the People had not responded to or remedied the objections to the COC.[FN2]
Although it is completely possible, if not understandable, to overlook an email, Defendant's follow-up correspondence should have imparted some sense of urgency on the People. As is, their negligence occasioned this motion practice, a result that the latest updates to CPL § 245.50 seek to avoid.
Regarding the outstanding discovery, the Court finds that the BWC audit trails/logs are not automatically discoverable and therefore not a basis to invalidate the COC. These materials are not to be confused with BWC footage itself, which falls under CPL § 245.20 (1) (g), [*4]mandating the disclosure of "[a]ll tapes or other electronic recordings." BWC audit trails/logs, on the other hand, consist of metadata that keeps track of the creation or revision of a document (People v Vargas, 78 Misc 3d 1235 [A], *4 [Crim Ct, Bronx County 2023). Unless Defendant is challenging the authenticity of the BWC footage, these materials have little use, as "they offer no additional information regarding the subject matter of the criminal case" (People v Larkin, 146 N.Y.S.3d 914, 918 [Sup Ct, Kings County 2021]). As Defendant articulated no basis to challenge the authenticity of the BWC or provided any other reason why these materials would be relevant, they are not discoverable.
The Court also declines to invalidate the COC based on the non-disclosure of the underlying attachments of the IAB logs that contain Giglio material for testifying officers in this case. In general, Defendant is entitled to the automatic disclosure of "[a]ll evidence and information that tends to . . . impeach the credibility of a testifying prosecution witness" pursuant to CPL § 245.20 (1) (k) (iv) (See Matter of Jayson C, 200 AD3d 447, 449 [1st Dept 2021]; see also People v Rodriguez, 77 Misc 3d 23, 25 [1st Dept 2022]). It is well settled that IAB logs resulting in substantiated and unsubstantiated allegations against a testifying officer are among those automatically discoverable items (See People v Castellanos, 72 Misc 3d 371 [Sup Ct, Bronx County 2021]). However, whether the attachments to these IAB logs are automatically discoverable remains unsettled law. Therefore, the Court orders the disclosure of these materials to Defendant as soon as practicable, not to exceed one month from the decision date, but will not invalidate the COC on this basis.
Despite the People's lack of effort to comply with the timeliness requirements, a holistic analysis of the People's efforts under all the CPL § 245.50 (5) (a) factors demonstrates that the People showed the good faith, due diligence, and reasonable inquiry required for COC validity. The People provided substantial discovery prior to filing the COC and disclosed all items that were automatically discoverable. As to the disputed items, while the People knew these items existed, they sufficiently explained why they were not automatically discoverable. Furthermore, the BWC audit trails/logs are insignificant and duplicative, while the attachments for the IAB logs are easily remedied. Finally, Defendant suffered no prejudice due to belated disclosures. In light of these facts, the Court finds that the People's efforts that were made before the filing of the COC shows that good faith and due diligence was exercised here.

 CONCLUSION
For the reasons above, an assessment of the "totality of the People's efforts" shows that the People evinced the due diligence required under CPL § 245.50(5), and People v. Bay and its progeny.
Therefore, the People's COC filed on September 22, 2025, and the accompanying SOR are valid. The People's total chargeable time is 82 days, within the time permitted by statute. As such, Defendant's motions to dismiss the accusatory instrument pursuant to CPL §§ 30.30 and 173.30 (1) (e) are DENIED.
The foregoing constitutes the decision and order of the Court.
Dated: 9 December 2025Bronx, New YorkDANIEL M. LEWIS, J.C.C.

Footnotes

Footnote 1:The Court calculates 81 days in this instance.

Footnote 2:Under CPL § 245.50 (4) (c), October 27 was Defendant's last day to file a motion challenging COC validity following an effort to amicably resolve discovery disputes. Defendant's failure to do so would have resulted in presumptively forfeiting the right to challenge COC validity (id.).