People v Cruz (2025 NY Slip Op 52094(U))

[*1]

People v Cruz

2025 NY Slip Op 52094(U)

Decided on December 18, 2025

Criminal Court Of The City Of New York, Bronx County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 18, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstRonal E. Polanco Cruz, Defendant.

Docket No. CR-016572-25BX

Defendant: John A. Guarneri, Esq., 18B PanelPeople: Bronx County District Attorney's Office by ADA Dylan Oakes.

Daniel M. Lewis, J.

Defendant is charged by information with VTL § 1192 (3), an unclassified misdemeanor punishable by up to 364 days in jail, and VTL § 1192 (1), an infraction punishable by up to 15 days in jail, alleging that on June 15, 2025, in front of 465 East 140th Street in the Bronx, Defendant operated a motor vehicle while in an intoxicated condition, as evidenced by the observations of the smell of alcohol on his breath, being unsteady on his feet, bloodshot and watery eyes, and disheveled clothing. The information further alleges that Defendant was offered a breath test and refused.
On October 30, 2025, Defendant moved to dismiss the case pursuant to CPL §§ 170.30 (1) (e) and 30.30, arguing that the People's certificate of compliance (COC) was invalid; that the statement of readiness (SOR) was illusory; and therefore, the People have exceeded the statutorily prescribed speedy trial time of 90 days.
For the reasons explained below, Defendant's motion to find the People's COC invalid and the SOR illusory is DENIED. Accordingly, Defendant's motion to dismiss the accusatory instrument pursuant to CPL §§ 170.30 (1) (e) and 30.30 is also DENIED.
 PROCEDURAL HISTORYOn June 16, 2025, the criminal complaint was filed and deemed an information without objection, and Defendant was arraigned on the information. On September 11, 2025, the People filed a COC and SOR.[FN1]
On October 12, 2025, Defendant raised objections to the COC with the People. On October 21, 2025, Defendant was granted a good cause extension to October 30, 2025, to file a motion with the remaining objections. Between October 21, 2025, and October 29, [*2]2025, Defendant and the People conferred four times and could not resolve the issues. On October 30, 2025, Defendant filed their motion to dismiss off-calendar. The matter was adjourned to January 5, 2026, for decision.

DISCUSSION
I. Motion to Dismiss the Accusatory InstrumentA motion to dismiss must be granted where the People are not ready for trial within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months, and none of which is a felony" (CPL §§ 30.30 [1] [b], 170.30 [e]).
This case commenced on June 16, 2025, with the filing of a misdemeanor complaint in which the highest charged offense was an unclassified misdemeanor, punishable by up to 364 days in jail (VTL § 1192 [3]). The People had 90 chargeable days from June 16, 2025, to be ready for trial. At issue is the validity of the COC filed on September 11, 2025. If valid, the filing of the COC and SOR would have resulted in less than 90 days of speedy trial time chargeable to the People. Without a valid COC, however, the accompanying SOR would be a nullity and ineffective to stop the "speedy trial" clock (CPL §§ 30.30 [5], 245.50 [3]; People v Bay, 41 NY3d 200, 206 [2023]). Defendant contends that the SOR filed on September 11, 2025, was illusory because it was not accompanied by a valid COC. Thus, Defendant states that 122 days are chargeable to the People. The People argue that they filed a valid COC and SOR, and are therefore within their 90-day time limitation.
COC validity is determined by whether the People made "a diligent, good faith effort" to learn of automatically discoverable materials and make such materials available to Defendant (CPL § 245.20 [2]). On a motion challenging the validity of a COC, "the People bear the burden of establishing that they did, in fact, exercise due diligence and make reasonable inquiries prior to filing the initial COC" (Bay, 41 NY3d at 212). "[P]ost-filing disclosure and a supplemental COC cannot compensate for a failure to exercise due diligence before the initial COC is filed" (id.). Thus, the People must demonstrate what efforts they made before filing the COC to determine the existence of and provide any belatedly disclosed or missing discoverable materials (id.; People v Baker, 229 AD3d 1324, 1327 [4th Dept 2024]).
The Court of Appeals in Bay identified factors as relevant to the analysis of whether the People exercised due diligence in the filing of their COC (Bay, 41 NY3d at 212). In August 2025, the Legislature amended Article 245 of the CPL governing discovery wherein they codified some of the Bay factors and added others for courts to consider. The Legislature first instructs courts when determining a party's due diligence to consider "the totality of the party's efforts to comply with the provisions of [Article 245], rather than assess the party's efforts item by item" (CPL § 245.50 [5]). The factors put forth by the Legislature in CPL § 245.50 (5) (a)
include, but are not limited to: the efforts made by the prosecutor to comply with the requirements of this article; the volume of discovery provided and the volume of discovery outstanding; the complexity of the case; whether the prosecutor knew that the belatedly disclosed or allegedly missing material existed; the explanation for any alleged discovery lapse; the prosecutor's response when apprised of any allegedly missing discovery; whether the belated discovery was substantively duplicative, insignificant, or easily remedied; whether the omission was corrected; whether the prosecution self-[*3]reported the error and took prompt remedial action without court intervention; and whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial.Although Defendant was arraigned before the above updates took effect, they nonetheless apply to the instant matter. The Legislature clearly noted that on the 90th day after enactment, which was August 7, 2025, the amendments "shall apply to all criminal actions pending" (2025 NY Sess Laws Ch 56 [S. 3006-25], Part LL § 8). As this criminal action was pending on August 7, 2025, the amended Article 245 was used in this analysis.
Defendant asserts that that the People's COC was invalid due to the following outstanding items as of the COC filing date:
• 12 activity logs• Attachments for 19 Internal Affairs Bureau (IAB) logs involving three testifying officers• Giglio material for non-testifying officer LT Roth• The complete Central Personal Index (CPI) for four testifying officers and non-testifying officer LT Roth• The names of all law enforcement personnel with evidence or information related to the charges
II. Motion to Invalidate the People's COCThe Court finds that the People exercised the good faith, due diligence, and reasonable inquiry required for COC validity. Thus, the SOR filed on September 11, 2025, is not illusory and 86 chargeable days have elapsed. An analysis of the People's efforts using the CPL § 245.50 (5) (a) factors shows that the People satisfied the requirements for COC validity. However, as discussed below, the People's lack of due diligence relating to the missing activity logs warrants sanctions under CPL § 245.80 to be determined by the trial judge.
Regarding the Giglio material for LT Roth and the attachments for 19 IAB logs, their disclosure is ordered no later than January 5, 2026. Failure to strictly comply with this timeline will warrant CPL § 245.80 sanctions to be determined by the trial judge. If the People anticipate being unable to comply with the above deadline by January 5, 2026, the People must disclose to the Court and defense counsel the efforts they have taken thus far and the remaining problems for full compliance by close of business on December 30, 2025. Failure to abide by this timeline will also warrant CPL § 245.80 sanctions to be determined by the trial judge.
From the outset, the Court notes that the People failed to comply with the timeliness provisions set forth in CPL § 245.10. In cases where a defendant is not in custody, as in the instant matter, initial discovery obligations "shall" be performed "within twenty calendar days after the defendant's arraignment (CPL § 245.10 [1] [a] [ii]). When discovery is voluminous, an additional 30 days are granted without motion practice (CPL § 245.10 [1] [a]). However, here the People's COC was not filed until the 87th day and without a request for additional time (see CPL § 245.70 [2]).
Regarding the activity logs, the People argue that those items are not automatically [*4]discoverable because although the officers "were in the area," they were not involved in Defendant's arrest (aff of the People at 10). This misreads CPL § 245.20 (1) (e) and ignores the "reasonable inquiry" requirement set forth in Bay (Bay at 212). Under CPL § 245.20 (1) (e), the People must turn over "all statements related to the subject matter of the case, written or recorded or summarized in any writing or recording including notes of police." In short, any written notes regarding the arrest made by any law enforcement officer are automatically discoverable. Nothing in the CPL lets the People sidestep this requirement by asserting that the on-scene officers were not involved in Defendant's arrest. Indeed, Bay places an affirmative duty on the People to make reasonable inquiries to learn whether such written notes exist and to timely remit them to Defendant. If no activity logs exist, then obviously there is nothing to turn over. However, the People cannot fail to make reasonable inquiries by presuming either that the uninvolved officers generated no notes or that the officers' lack of involvement rendered their notes undiscoverable. If anything, the People's disclosure of BWC for those same "uninvolved officers" belies their position regarding the activity logs, as the BWC was agreed to be automatically discoverable and timely disclosed
For failing to exercise due diligence and make reasonable inquiries regarding the activity logs, CPL § 245.80 sanctions to be determined by the trial judge are ordered. Defendant raised these objections on October 12, 2025, and the People first requested the items on October 29, 2025, one day before Defendant's motion was due (aff of the People at 10). Despite providing BWC for these same officers, the People made no inquiry as to the activity logs, as required. Nor did the People self-report this error. Instead, it was Defendant who drew the People's attention to the oversight, which the People then waited two weeks to even address. To date, these materials remain outstanding. As such, Defendant is prejudiced, as his ability to thoroughly investigate the case remains impeded (CPL § 245.50 [5] [a]). Although the final decision regarding sanctions rests with the trial judge, in this Court's view appropriate sanctions are precluding all BWC footage from these officers at trial.
The remaining outstanding discovery does not constitute a basis to invalidate the COC. Contrary to Defendant's assertion, the People did disclose the names of law enforcement personnel with evidence or information related to the charges within their COC (see COC of the People at 3, 5), even though they were not all compiled in one list. Additionally, Defendant's claim that the complete Central Personnel Index (CPI) of the testifying officers and LT Roth is subject to automatic discovery is unavailing, as such an interpretation goes well beyond the already expansive material CPL § 245.20 requires the People to provide prior to filing their COC. To be sure, "All evidence and information that tends to impeach the credibility of a testifying prosecution witness" is automatically discoverable pursuant to CPL § 245.20 (1) (k) (iv) (See Matter of Jayson C, 200 AD3d 447, [1st Dept 2021]; see also People v Rodriguez, 77 Misc 3d 23 [1st Dept 2022]). However, here LT Roth is not designated as a testifying witness. Thus, CPL § 245.20 (1) (k) (iv) does not apply to him. Moreover, persuasive decisions have held that only substantiated and unsubstantiated IAB reports are subject to automatic discovery under this provision (See, e.g., People v Castellanos, 73 Misc 3d 371, 374 [Sup Ct Bronx County 2021]). The CPI contains information beyond substantiated and unsubstantiated allegations that do not lend themselves to impeachment of the officers' credibility. Therefore, these materials are not automatically discoverable.
Although not bases to invalidate the COC, the Court is ordering the parties to undertake the following additional efforts:
• First, the Court orders the People to disclose the attachments for the 19 IAB logs involving substantiated and unsubstantiated allegations against testifying officers.• Second, the Court orders the People to turn over the Giglio for LT Roth, given his substantial role in apprehending and arresting Defendant, and despite not being designated as a testifying witness.
These tasks must be completed no later than January 5, 2026. If the People find they will be unable to meet that deadline, the People are required to inform the Court and defense counsel of the efforts made and remaining problems no later than December 30, 2025. 

 CONCLUSION
For the reasons set forth above, the People's COC filed on September 22, 2025, is valid, and the accompanying SOR is not illusory. The People's total chargeable time is 86 days, within the time permitted by statute. As such, Defendant's motion to dismiss the accusatory instrument pursuant to CPL §§ 30.30 and 173.30 (1) (e) is DENIED.
The foregoing constitutes the decision and order of the Court.
Dated: 18 December 2025Bronx, New YorkDANIEL M. LEWIS, J.C.C.

Footnotes

Footnote 1:The COC was erroneously dated September 16, 2025, but was filed on September 11, 2025.