People v Viruet (2025 NY Slip Op 52086(U))

[*1]

People v Viruet

2025 NY Slip Op 52086(U)

Decided on December 30, 2025

Criminal Court Of The City Of New York, Bronx County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 30, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstAnthony Viruet, Defendant.

Docket No. CR-017319-25BX

Defendant: Bronx Defenders by Octavia Ewart, Esq. 
People: Bronx County District Attorney's Office by ADA Bonnie Cheng.

Daniel M. Lewis, J.

Defendant is charged by information with criminal possession of a controlled substance in the seventh degree (PL § 220.03), a class A misdemeanor, and driving while ability impaired by drugs (VTL § 1192 [4]), an unclassified misdemeanor, both punishable by up to 364 days in jail. The information alleges that on June 23, 2025, at 7:34 p.m. in front of 711 East 231st Street in the Bronx, Defendant operated a motor vehicle while his ability was impaired by drugs, as evidenced by his unresponsiveness, watery eyes, and disoriented and confused state of mind, and that he was in possession of a substance that a police officer believed, based on his training and experience, to be heroin.
On November 5, 2025, Defendant moved to dismiss the case pursuant to CPL §§ 170.30 (1) (e) and 30.30, arguing that the People's certificate of compliance (COC) and supplemental COC (SCOC) were invalid; that the accompanying statements of readiness (SOR's) were illusory; and therefore, the People have exceeded the statutorily prescribed speedy trial time of 90 days. If denied, Defendant moves for Mapp, Huntley, Dunaway, Ayala, Ingle, Johnson, Atkins, and Sandoval/Ventimiglia hearings.
For the reasons explained below, Defendant's motion to find the People's COC invalid and the SOR illusory is DENIED. Accordingly, Defendant's motion to dismiss the accusatory instrument pursuant to CPL §§ 170.30 (1) (e) and 30.30 is also DENIED. Defendant's motions for Mapp, Dunaway and Ingle hearings are GRANTED.
 PROCEDURAL HISTORYOn June 29, 2025, Defendant was arraigned on the criminal complaint.[FN1]
On September [*2]26, 2025, the People filed a COC and SOR. On October 10, 2025, Defendant raised objections to the COC with the People via email, a copy of which was provided in Defendant's motion papers. On October 10, 2025, the People filed an SCOC and SOR. On October 13, 2025, Defendant followed up with the People about remaining objections to the COC via email, a copy of which was provided in Defendant's motion papers. On October 14, 2025, the instant motion schedule was set. The matter was adjourned to January 5, 2025, for decision.

DISCUSSION
I. Motion to Dismiss the Accusatory InstrumentA motion to dismiss must be granted where the People are not ready for trial within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months, and none of which is a felony" (CPL §§ 30.30 [1] [b], 170.30 [e]).
This case commenced on June 29, 2025, with the filing of a misdemeanor complaint in which the highest charged offense was a misdemeanor punishable by up to 364 days in jail (PL § 220.03 and VTL § 1192 [4]). The People had 90 chargeable days from June 29, 2025, to be ready for trial. At issue is the validity of the COC filed on September 26, 2025. If valid, the filing of the COC and accompanying SOR would have resulted in less than 90 days of speedy trial time chargeable to the People. Without a valid COC, however, the accompanying SOR would be a nullity and ineffective to stop the "speedy trial" clock (CPL §§ 30.30 [5], 245.50 [3]; People v Bay, 41 NY3d 200, 206 [2023]). Defendant contends that the SOR's filed on September 26, 2025, and October 10, 2025, were illusory because they were not accompanied by valid statements of compliance. Thus, Defendant states that 129 days are chargeable to the People.[FN2]
The People argue that they filed a valid COC and SOR, and are therefore within their 90-day time limitation.
COC validity is determined by whether the People made "a diligent, good faith effort" to learn of automatically discoverable materials and made such materials available to Defendant (CPL § 245.20 [2]). On a motion challenging the validity of a COC, "the People bear the burden of establishing that they did, in fact, exercise due diligence and make reasonable inquiries prior to filing the initial COC" (Bay, 41 NY3d at 212). "[P]ost-filing disclosure and a supplemental COC cannot compensate for a failure to exercise due diligence before the initial COC is filed" (id.). Thus, the People must demonstrate what efforts they made before filing the COC to determine the existence of and provide any belatedly disclosed or missing discoverable materials (id.; People v Baker, 229 AD3d 1324, 1327 [4th Dept 2024]).
The Court of Appeals in Bay identified factors as relevant to the analysis of whether the People exercised due diligence in the filing of their COC (Bay, 41 NY3d at 212). In August 2025, the Legislature amended Article 245 of the CPL governing discovery wherein they codified some of the Bay factors and added others for courts to consider. The Legislature first instructs courts when determining a party's due diligence to consider "the totality of the party's efforts to comply with the provisions of [Article 245], rather than assess the party's efforts item [*3]by item" (CPL § 245.50 [5]). The factors put forth by the Legislature in CPL § 245.50 (5) (a)
include, but are not limited to: the efforts made by the prosecutor to comply with the requirements of this article; the volume of discovery provided and the volume of discovery outstanding; the complexity of the case; whether the prosecutor knew that the belatedly disclosed or allegedly missing material existed; the explanation for any alleged discovery lapse; the prosecutor's response when apprised of any allegedly missing discovery; whether the belated discovery was substantively duplicative, insignificant, or easily remedied; whether the omission was corrected; whether the prosecution self-reported the error and took prompt remedial action without court intervention; and whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial.Defendant asserts that that the People's COC and SCOC were invalid due to the following outstanding items as of the filing dates:
• Giglio materials for non-testifying officers• Activity log for PO Matos• Materials related to the inventory search of Defendant's vehicle
Defendant further asserts that the People's original COC was invalid due to the 
belated disclosure of three chain-of-custody logs for Defendant's personal 
property.
II. Motion to Invalidate the People's COCAn analysis of the People's efforts using the CPL § 245.50 (5) (a) factors shows that the People evinced the good faith, due diligence, and reasonable inquiry required to render their COC, filed September 26, 2025, valid. Thus, the accompanying SOR filed with the COC is not illusory and 88 chargeable days have elapsed.
The Court notes from the outset that the People failed to comply with the timeliness provisions set forth in CPL § 245.10. In cases where a defendant is not in custody, as in the instant matter, initial discovery obligations "shall" be performed "within thirty-five calendar days after the defendant's arraignment (CPL § 245.10 [1] [a] [ii]). When discovery is voluminous, an additional 30 days are granted without motion practice (CPL § 245.10 [1] [a]). However, here the People's COC was not filed until the 88th day and without a request for additional time (see CPL § 245.70 [2]).
Regarding PO Matos' activity log, the People argue that "[w]hatever may be contained in [PO Matos's] activity log would be substantively duplicative and insignificant to the matter" (aff of the People at 12). This misinterprets CPL § 245.50 (5) (a). "[W]hether the belated discovery was substantively duplicative, insignificant, or easily remedied" is one of several factors the Court considers to determine COC validity once challenged. It is not a loophole by which the People are deputized to ignore CPL § 245.20 (1) (e), which requires them to turn over "all statements related to the subject matter of the case, written or recorded or summarized in any writing or recording including notes of police." It is beyond question at this point that written notes regarding the arrest made by any law enforcement officer are automatically discoverable. Nothing in the CPL lets the People sidestep this requirement by asserting that the discovery is duplicative and insignificant, nor is it the People's role to decide what discovery is most useful to Defendant.
Nonetheless, the People have made "'reasonable efforts' to comply with statutory directives" (Bay at 211, quoting People v Bolden, 81 NY2d 146, 150 [1993]). After the People [*4]determined that PO Matos' activity log existed, they followed up "multiple times" with various members of the precinct but to date have been unable to get his activity log (aff of the People at 11). Additionally, the Court notes that the People self-reported the error by including the omission in their COC (People's COC at 3), and the Court agrees that because the People disclosed PO Matos' body-worn camera footage and all other activity logs for the involved officers, minimal prejudice can be attributed to Defendant.
Regarding the three chain-of-custody logs for Defendant's personal property, the Court finds that the People exercised the requisite good faith, due diligence, and reasonable inquiry for these items. Like PO Matos' activity log, the People self-reported the non-disclosures in their COC and explained that the arresting officer was looking into the existence of these items (People's COC at 3). Furthermore, the People quickly remedied the omission by disclosing the logs when they were received and filing their SCOC on October 10, 2025 (People's SCOC at 2). Defendant suffered little to no prejudice, as these logs were for personal property and their omission did not impede with the investigation of the matter.
Defendant's remaining contentions do not constitute a basis to invalidate the COC. Defendant's claim that Giglio for non-testifying officers is subject to automatic discovery is unavailing, as such an interpretation goes well beyond the already expansive material that CPL § 245.20 requires the People to provide prior to filing their COC. Given that the Legislature specifically indicated testifying officers, an interpretation supported by the First Department, CPL § 245.20 (1) (k) (iv) does not apply to those officers not designated to testify (See Matter of Jayson C, 200 AD3d 447, [1st Dept 2021]; see also People v Rodriguez, 77 Misc 3d 23 [1st Dept 2022]). Therefore, these materials are not automatically discoverable. Finally, as the People confirmed that no inventory search was conducted in this case, there is no discovery to disclose (aff of People at 9).
As stated above, had the People adhered to the timelines set forth in CPL § 245.10, this motion practice would likely have been unnecessary given the exchanges between the assigned assistant and defense counsel following the COC filing. However, "the statute does not require or anticipate a 'perfect prosecutor'" (see People v Erby, 68 Misc 3d 625, 633 [Sup Ct Bronx County 2020]; People v Gonzalez, 68 Misc 3d 1213(A), *1,3 [Sup Ct Kings County 2020]; People v Georgiopoulos, 71 Misc 3d 1215(A), *2 [Sup Ct Queens County 2021]). Given the totality of the People's efforts, the volume of the discovery disclosed prior to the COC filing, the People's self-reporting of errors and the efforts they undertook once those errors were discovered, and the lack of prejudice to Defendant, the Court finds that the People evinced the required good faith, due diligence, and reasonable inquiry for COC validity. Therefore, the Court finds that the People's COC filed on September 26, 2025, is valid and that the accompanying SOR is not illusory.
The Court reminds the People of their continuing duty to disclose. Additionally, and although not bases to invalidate the COC, the Court directs the People to do the following:
• Continue to follow up to obtain and remit PO Matos' activity log, including requesting his personal appearance, or, if necessary, by subpoena.• Turn over Giglio for PO Montefusco, given his substantial role in arresting Defendant, and despite not being designated as a testifying witness.
These tasks must be completed no later than January 19, 2026. If the People find they will be unable to meet that deadline, the People are required to inform the Court and defense counsel of the efforts made and remaining problems no later than January 12, 2026.
[*5]III. HearingsDefendant's motions for Mapp, Dunaway, and Ingle hearings are granted.
As the People did not serve CPL §710.30 (1) (a) notice, there is no statement to suppress or the need for a Huntley hearing to determine the same. Similarly, as Defendant did not take a chemical breath test, there are no breath tests results to suppress or a need for Ayala, Johnson or Atkins hearings. Thus, Defendant's request for these hearings is denied.
Defendant's motions for Sandoval and Ventimiglia hearings are deferred to the trial court.

CONCLUSION
For the reasons set forth above, the People's COC filed on September 26, 2025, is valid, and the accompanying SOR is not illusory. The People's total chargeable time is 88 days, within the time permitted by statute. As such, Defendant's motion to dismiss the accusatory instrument pursuant to CPL §§ 30.30 and 173.30 (1) (e) is DENIED. Defendant's motions for Mapp, Ingle, and Dunaway hearings are GRANTED.
The foregoing constitutes the decision and order of the Court.
Dated: December 30, 2025Bronx, New YorkDANIEL M. LEWIS, J.C.C.

Footnotes

Footnote 1:The matter was adjourned twice for conversion and COC, once at arraignment and again on the first court appearance. Defense does not raise this issue, but it appears from the Court's review of the case file that the criminal complaint was never deemed an information. Based on the Court's analysis of the criminal court complaint, however, it is a first-party information.

Footnote 2:The Court calculates 106 days in this instance.